IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRELL MICKELS, #11733-003, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-86-WS-N |
| JOHN MOORE, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. The complaint was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After a careful review, it is recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I. Nature of Proceedings.**

For the original complaint, plaintiff filed a minimally completed, § 1983 complaint form, to which was attached self-styled written statements, some of which repeat each other. (Doc. 1). Subsequently, plaintiff filed a self-styled amended complaint in which he dismisses Rick Gastine, and renews his allegations directed to John T. Moore, an agent with the Federal Bureau of Investigation ("FBI"). (Doc. 5).

Plaintiff's reason for filing an amended complaint was that he wanted "a more accurate 1983 complaint" before the Court. (Id. at 1). Plaintiff's intention appears to be to have the

amended complaint replace his original complaint, which also occurs by operation of law. Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint will supersede the original complaint). Notwithstanding, the Court would have benefitted from plaintiff filing a properly completed § 1983 complaint form when he filed his amended complaint, as he did not use the word "defendant" in his amended complaint, nor did he use "defendant" in his original complaint. But, affording the amended complaint a liberal construction, the Court finds that John T. Moore is the sole defendant to this action based on his name being in the style of the action and on the tenor of the amended complaint. (Id. at 1, Doc. 5-1 at 1).

The claims in plaintiff's amended complaint are connected to his federal conviction in United States v. Mickels, Crim. No. 10-00152-WS-B (S.D. Ala. June 29, 2011), for which plaintiff is presently imprisoned. The Court, in reviewing its records to gain an understanding of plaintiff's brief and conclusory claims, discovered that plaintiff pled guilty on October 26, 2010 (Doc. 41) to one count in the indictment - possession with intent to distribute crack cocaine in violation of Title 21, United States Code, § 841(a)(1) - with the remaining three counts, one of which was a conspiracy count, being dismissed. (Doc. 70).[1] On June 21, 2011, plaintiff received a custody sentence of 188 months, with a recommendation that he be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated; a supervised release term of six years under certain conditions; and $100 assessment. (Id.). No direct appeal was taken.

Subsequently, plaintiff filed a motion for sentence reduction pursuant to 18 U.S.C. § 382

---

[1] The Court takes judicial notice of its records. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

2

(c)(2), which was denied on October 7, 2013. (Docs. 91, 94). On November 25, 2013, plaintiff filed a notice of appeal of the denial of his motion for sentence reduction. (Doc. 98). The Circuit Court of Appeals for the Eleventh Circuit dismissed plaintiff's appeal for lack of jurisdiction based on the untimeliness of his notice of appeal. (Doc. 110). On July 28, 2014, plaintiff filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which is pending. (Doc. 113).

Turning to the present action, the amended complaint's allegations are as follows. Plaintiff alleges that defendant Moore "committed the act of conspiracy according to 18 U.S.C. subsection 371, and perjury when he fraudulently charged the Plaintiff with being a co-conspirator to Maurice Sandford." (Doc. 5-1 at 1). Plaintiff claims that defendant Moore knew from the audio and video of the drug deal with the informant that plaintiff was not "Maurice's co-defendant." (Id.). But, plaintiff claims, that defendant Moore had "malice and vengeance toward plaintiff because plaintiff wouldn't help him buy drugs from a Mexican named Alix, after an '09 traffic stop." (Id.). The 2009 traffic stop resulted in plaintiff being arrested on a minor marijuana offense, which was dismissed due to the lack of evidence, and in defendant Moore confiscating $7000.00 during the traffic stop. (Id.). After the traffic stop, defendant Moore and several agents arranged a meeting with plaintiff and asked plaintiff for his assistance. (Id. at 2). Plaintiff "laughed in agent Moore's face and disagreed [with] helping." (Id.).

Plaintiff claims that defendant Moore violated the "4th amendment, in Rule 41 oath of affirmation affi[]davit with false documents [sic]." (Id.).[2] Defendant Moore allegedly violated

---

[2] Rule 41 of the Federal Rules of Criminal Procedure governs the issuance of a warrant, by a federal judge or magistrate judge, when probable cause is present to search and seize a person or property. FED.R.CRIM.P. 41(d)

the Fourteenth Amendment "when he vindictively p[u]rsued [the] case again[st] the plaintiff after charges of conspiracy [were] dismissed by [A]USA Daryl Atchison." (Id.). Then, in 2011, defendant Moore "violate[d] the 5th and 6th amendments[s], [when] he committed the act of fraud and conspiracy when he told the judge to sentence Plaintiff Terrell Mickels to [the] aggregated drug amount after both Government witnesses, Maurice Sandford and Oscar Jolima Palacios[,] stated in hearing under oath they hadn't bought or supplied the plaintiff with drugs." (Id.). Defendant Moore allegedly "falsified statements against [plaintiff] so the Judge William Steele could sentence him to a higher sentencing range rather than mandatory minimum." (Id.).

In addition to the allegations directed to defendant Moore based on his conviction and sentence in federal court, plaintiff included other allegations based on his conditions of confinement in which defendant Moore is not mentioned. In these allegations he alleges that he began serving his federal sentence at the state prison G.K. Fountain because he was serving a concurrent state court sentence of five years for false identification and obstruction. (Id.). While there, he was labeled a snitch and was beaten by twenty inmates, which caused him to serve the remainder of his year in confinement for his protection. (Id. at 3). During his state incarceration, plaintiff contracted tuberculosis and received treatment. (Id.). After serving his state sentence, while being held at the Brewton County Jail, he had a positive skin test for tuberculosis, for which he was given treatment, which caused an allergic reaction. (Id.). The INH medicine gave plaintiff blood pressure problems so he was given medicine to treat these problems, but he had an allergic reaction to the medicine. (Id.). Presently, plaintiff is being treated for fatigue and anxiety with Zoloft. (Id.). Plaintiff was in 23-hour lockdown for three years during his incarceration at Fountain and Pollock FCI/USP. (Id.).

Plaintiff claims that he has "lost everything, a lot of family ha[ve] turned their backs due

4

to fear of agent Moore's capability [and] he is scared for his life because of the radical abuse of authority agent John T. Moore used." (Id.). Therefore, plaintiff seeks $3 million for each year he is incarcerated on account of his civil rights being violated. (Id.).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 5) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965,

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

5

1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

#### A. Claims Under 42 U.S.C. § 1986.

Plaintiff commenced this action by a filing a § 1983 complaint form. (Doc. 1). But he titled his amended complaint "Rule 81[4] Civil Suit against Government 42 USCS § 1986[5]

---

[4] No explanation is offered for invoking this rule, which the Court assumes is Rule 81 of the Federal Rules of Civil Procedure, and not from another set of rules. With no explanation being provided, the Court cannot deduce the reason that Rule 81 was referenced.

Complaint Pursuant to 28 USCS § 195."[6] (Doc. 5). The Court does not understand this title. If plaintiff's intention is to proceed under 42 U.S.C. § 1986, there must be a violation of 42 U.S.C. § 1985. Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997). "[T]he plaintiff must allege that a person had knowledge of a conspiracy in violation of Section 1985 and, despite having the power to prevent or aid in preventing the violation, neglected or refused to do so." Cox v. Mills, 465 F. App'x 885, 888 (11th Cir. 2012) (unpublished).[7] Here, plaintiff has not referred to 42 U.S.C. § 1985, much less that defendant Moore had knowledge of a § 1985 conspiracy. Thus, plaintiff's § 1986 claim, albeit his action, is due to be dismissed without

---

[5] Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

[6] The section identified as 28 U.S.C. § 195 was unable to be found. But for the omission of the numeral 1, it could read 28 U.S.C. § 19[1]5, which is contained in the Code and permits a litigant to proceed without prepayment of the filing fee.

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

7

prejudice for failure to state a claim.

### B. Claims Pursuant to 42 U.S. C. § 1983/Bivens.

#### 1. Application of Iqbal and Twombly Standards.

In the event that plaintiff mistakenly wrote § 1986 instead of § 1983, since he initially brought this action under § 1983, the Court will address plaintiff's action on a basis other than § 1986. Even though plaintiff initially identified his action as being brought under § 1983 (Doc. 1), plaintiff's remedy is not under § 1983, but under its federal counterpart, a Bivens action, because plaintiff sued a federal official.[8] In this Circuit, the law to be applied to a Bivens action is generally the law that is applied to § 1983 action. Wilson v. Blakenship, 163 F.3d 1284, 1288 (11th Cir. 1998) ("Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, we generally apply § 1983 law to Bivens cases.") (citation omitted).

The claims that the Court finds that are directly connected to defendant Moore are as follows. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983). From 2009 to 2010, defendant Moore "conspired" and "perjured" himself when he charged plaintiff for being a co-conspirator with Maurice Sandford even though he knew that plaintiff was not Sandford's co-defendant as reflected on the audio and video of the drug deal. (Doc. 5-1 at 1). Plaintiff claims that defendant Moore's motivation to do this was vengeance for the dismissal of plaintiff's prior marijuana charge and refusal to assist law enforcement. (Id. at 2). Defendant Moore violated the

---

[8] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Fourth Amendment by giving falsified documents in connection with his sworn affidavit. (Id.). Defendant Moore violated the Fourteen Amendment when he vindictively pursued the case against plaintiff after the conspiracy charge was dismissed. (Id.). In 2011, defendant Moore violated the Fifth and Sixth Amendments by committing fraud and conspiracy, when he told Judge Steele to aggregate the quantity of drugs even though Sandford and Palacios testified that "they had not bought or supplied plaintiff with drugs," and when he made false statements so Judge Steele could sentence plaintiff higher than the mandatory minimum. (Id.).

A review of these claims shows that they do not meet the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure. This rule provides that the complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). As articulated by the Supreme Court in Iqbal, 556 U.S. 662, 129 S.Ct. 1937, supra, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 570, 127 S.Ct. 1955. The complaint's facts must "nudge[] their claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. This plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. The "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.

The Court reiterated the legal principles it previously expounded upon because they precisely apply to plaintiff's allegations directed to defendant Moore. Plaintiff's allegations are devoid of numerous supporting facts needed to state a plausible claim against defendant Moore based on the many conclusory assertions of constitutional violations. Chief among the absent facts is the crime for which plaintiff was convicted. In order to make sense of plaintiff's allegations and to give order to them, the Court had to examine its records. Whereas, the identification of plaintiff's conviction as well as other matters should be on the face of plaintiff's complaint. However, the other matters cannot be easily determined as plaintiff's conviction was. Such as, the Court does not know the facts that would support plaintiff's conclusory allegations that defendant Moore conspired, committed perjury, gave falsified documents, committed fraud, and caused plaintiff to receive a higher sentence. It would also be necessary to show that these conclusory allegations violated the Constitution or federal law. See Hartman v. Moore, 547 U.S. 250, 265-66, 126 S.Ct. 1695, 1707, 164 L. Ed.2d 441 (2006) (requiring that the absence of probable cause be pled with respect to a Bivens claim for retaliatory prosecution after an acquittal). Accordingly, it is recommended that plaintiff's action be dismissed without prejudice for failure to state a plausible claim upon which relief can be granted.

**2. Application of Heck Decision.**

In the alternative, looking at the substantive nature of plaintiff's claims, as best the Court determine from the amended complaint's few facts, the Court finds that his claims are subject to dismissal for other reasons. On account of the vague nature of plaintiff's claims, which is the result of plaintiff's meager facts, the Court can only address these other grounds in generalities.

After careful review of plaintiff's allegations and the records in his criminal case, the Court concludes that many of his claims are barred from proceeding in this action by the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The allegations that do not appear to be encompassed by the <u>Heck</u> decision with respect to plaintiff's present conviction and sentence are the claims connected to the 2009 arrest and seizure of money, which will be addressed later.

In <u>Heck</u>, a prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions that resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which had as a required element that the accused prove the termination of the prior criminal proceeding for the accused. <u>Id.</u> at 484, 114 S.Ct. at 2371. The <u>Heck</u> Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the

> district court determines that the plaintiff's action, even if
> successful, will not demonstrate the invalidity of any outstanding
> criminal judgment against the plaintiff, the action should be
> allowed to proceed (footnote omitted), in the absence of some
> other bar to the suit (footnote omitted).

Id. at 486-87, 114 S.Ct. at 2372-73; see Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998) (applying Heck in a Bivens action); see also Hartman, 547 U.S. at 254, 126 S.Ct. at 1700 (employing the Heck rationale in a Bivens action).

The Heck bar prevents claims from proceeding "'if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,]' . . . . [or if the plaintiff ] "must negate 'an element of the offense of which has been convicted' in order to prevail." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 & n.6, 114 S.Ct. at 2372 & n.6). "In order to determine whether such a negation would occur, [the court] must look at both 'the claims raised under § 1983' and 'the specific offenses for which the § 1983 claimant was convicted.'" Weaver v. Geiger, 294 F. App'x 529, 533 (11th Cir. 2008) (unpublished) (finding that a claim for an invalid basis for a search warrant amounted to an attack prohibited by Heck because the plaintiff's conviction for intent to distribute was based on the methadone that was uncovered during the search authorized by the contested warrant).

On the other hand, the decision in Heck does not necessarily bar a claim for an unlawful arrest. Heck, 512 U.S. at 487 n.7, 114 S.Ct. at 2372 n.7. "Because an illegal ... arrest may be followed by a valid conviction, ... a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction." Hughes, 350 F.3d at 1160.

In the amended complaint, plaintiff maintains that defendant Moore "conspired" and "perjured" himself when he "charged" plaintiff as a co-conspirator in a drug deal when plaintiff

12

was not present on the audio and the video, gave false documents in connection with a sworn affidavit submitted for Rule 41 purposes, improperly pursued charges against him after the conspiracy charge was dismissed by the AUSA, committed fraud and conspiracy when he told the judge to sentence plaintiff to the aggregated drug amount even though the government's witnesses testified that "they hadn't bought or supplied the plaintiff with drugs," and made false statements against plaintiff so that the judge could sentence him higher than the mandatory minimum. (Doc. 5 at 2).

Thus, it appears from plaintiff's allegations, which are sparse, that if the Court were to rule favorably for plaintiff on these claims, the ruling would invalidate his conviction and sentence. In order to proceed on the claims that would invalidate his conviction and sentence if the Court were to rule favorably on them, plaintiff must show that his conviction and sentence have been invalidated in a manner prescribed by Heck. Plaintiff has not done this and, based on this Court's records, he will not be able to make this showing at this time. The docket in plaintiff's criminal case shows that his conviction and sentence have not been invalidated. Plaintiff did not appeal his conviction, and his § 2255 motion is pending. And, as of July 29, 2014, plaintiff indicates that he is still in federal custody. United States v. Mickels, Criminal No. 10-00152-WS-B-1 (Doc. 115).

Furthermore, the remaining three counts dismissed pursuant to the plea agreement cannot proceed as their dismissal is not considered to be a favorable termination, and they are likewise precluded by Heck. Uboh, 141 F.3d at 1004-05 ("courts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution."); cf. Hartman, 547 U.S. at 265, 126 S.Ct. at 1707 (reversing and remanding the denial of qualified immunity to the postal inspectors in a

13

Bivens retaliatory prosecution claim filed after the plaintiff's acquittal on a charge because the plaintiff must allege and prove the element of the absence-of-probable-cause in order state a claim); Wood v. Kesler, 323 F.3d 872, 883 (11th Cir. 2003) (after being found not guilty on one count, plaintiff filed a § 1983 action containing a retaliation claim, to which defendant was entitled to qualified immunity because a "retaliatory prosecution claim . . . is defeated by the existence of probable cause"). Accordingly, plaintiff's claims against defendant Moore are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (dismissing with prejudice the claims that are barred by Heck).

### 3. Application of the Statute of Limitations.

In the alternative, and affording plaintiff's claims a liberal construction, plaintiff's claims against defendant Moore for charging him as a co-conspirator even though he was not present for the drug deal and for giving false documents with the sworn affidavit for Rule 41 purposes can be analyzed as a false arrest claim that is not barred by Heck. However, an actual analysis of these allegations as a false arrest claim is prevented by the lack of facts. In the event that the absent facts showed that such a false arrest claim would not invalidate plaintiff's conviction and sentence if favorably ruled upon, the statute of limitations would bar such a false arrest claim and would serve as an alternate basis for the dismissal of these claims. See Heck, 512 U.S. at 487 & n.7, 114 S.Ct. at 2372-73 & n.7 (recognizing situations where a favorable ruling on a claim based on an unreasonable search and seizure may not invalidate an outstanding criminal conviction); Hughes, 350 F.3d at 1160-61 (finding "[b]ecause an illegal search or arrest may be followed by a valid conviction, . . . a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction[, and a]s a result, Heck does

not generally bar such claims").

The statute of limitations for a Bivens action is the same one that is applied to § 1983 actions. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996); see Dennis v. United States Dept. of Justice, 228 F. App'x 861, 863–64 (11th Cir.2002) (unpublished) (applying Alabama's two-year statute of limitations to a Bivens action). The statute of limitations for a §1983 action filed in Alabama is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917(1992); ALA. CODE § 6-2-38(l); see Dennis, 228 F. App'x at 864.

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. "[A]ccrual . . . occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. at 388, 127 S.Ct. at 1095 (internal quotations omitted). That is, when "the facts which would support a cause of action are apparent or should be apparent to a reasonably prudent person. . . . Generally, this will be at the point at which the plaintiff knew or had reason to know that an injury had been inflicted and by whom." Garza v. Hudson, 436 F. App'x 924, 925 (11th Cir. (quotation omitted) (unpublished), cert. denied, 132 S.Ct. 857 (2011).

An example of a claim that does not necessarily invalidate a conviction or sentence is a false arrest claim. In Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the Supreme Court defined a false arrest claim and addressed its accrual.

> False arrest and false imprisonment overlap; the former is a species of the latter . . . . We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . .

15

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. . . .
>
> If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.

Id. at 388-90, 127 S.Ct. at 1095-96.

The holding in Wallace is relied on for the proposition that a false arrest claim that is not barred by Heck accrues when the plaintiff is detained as result of legal process. Id. at 389, 127 S.Ct. at 1096; see Jones v. Union City, 450 F. App'x 807, 809 (11th Cir.) (a § 1983 false arrest claim "where arrest is followed by criminal proceedings[] accrue[s] when the claimant is detained pursuant to a legal process") (unpublished), cert. denied, 133 S.Ct. 131 (2012). The docket in plaintiff's criminal case, United States v. Mickels, CR 10-00152-WS-B-1, shows: an indictment containing four counts, one of which was a conspiracy count, being issued on July 29, 2010 (Doc. 1); a warrant being issued on August 10, 2010 (Doc. 6); and an initial appearance and arraignment being held on September 1, 2010. (Docs. 21, 22). A plea agreement was entered into by plaintiff, which stipulated that he would plead guilty to Count Three of the indictment, and at sentencing, the government would move to dismiss the remaining counts. (Doc. 40 at 1, 6). Plaintiff entered a guilty plea on November 4, 2010 (Doc. 41) and was sentenced on June 21, 2011, at which time Counts One, Two and Four were dismissed. (Doc. 70 at 1).

Thus, plaintiff's claims for charging him as a co-conspirator and for attaching false documents to an affidavit used for gaining his arrest have the potential to be considered false arrest claims not barred by Heck, and if so, they accrued when plaintiff was arraigned in Court on September 1, 2010. And the two-year statute of limitations began to run at the time when

16

plaintiff was arraigned on September 1, 2010. Consequently, when plaintiff filed this action in 2014 (Doc. 1), the two-year statute of limitations had long since expired.[9] Therefore, assuming arguendo that plaintiff has a false arrest claim that is not barred by Heck, such a claim is barred by the two-year statute of limitations and is due to be dismissed with prejudice for failure to state a claim.[10] Bock, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); Rembert v. Florida, ___ F. App'x ___, 2014 WL 3639154, at *2 (11th Cir. July 14, 2014) (same) (unpublished).[11]

---

[9] A complaint is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners); Nelson v. Barden, 145 F. App'x 303, 307 (11th Cir. 2005) (applying Houston to a pro se Bivens action) (unpublished).

[10] The amended complaint contains references to defendant Moore confiscating $7000.00 from plaintiff during a traffic stop in 2009, plaintiff being arrested on a "minor marijuana offense[, which was] dismiss[ed] because of lack of evidence," and plaintiff refusing to help defendant Moore and other agents by buying drugs from a Mexican named Alix. (Doc. 5-1 at 1). These allegations are offered for the purpose of showing that defendant Moore's actions taken with respect to plaintiff's present conviction were taken out of vengeance. However, in the event, the allegations were intended to be independent claims offered to show constitutional violations in themselves, it appears that they would be subject to dismissal because, among other reasons, the two-year statute of limitations would bar them.

[11] Another alternate basis for dismissal of the claims against defendant Moore is 42 U.S.C. § 1997e(e). Plaintiff did not allege a physical injury that is connected to the foregoing conviction-related claims against defendant Moore, and he seeks $3 million in damages for each year that he is incarcerated. (Doc. 5-1 at 3). Section 1997e(e), which is entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no physical injury is alleged. Al-Amin v. Smith, 637 F.3d 1192,1193 (11th Cir. 2011). Plaintiff's damages request falls within this category, which is certainly not a nominal amount, and his action is, therefore, subject to dismissal pursuant to § 1997e(e). See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042,

### 4. Condition of Confinement Allegations.

The allegations remaining in the amended complaint are based on plaintiff's conditions of confinement to which plaintiff was subjected after his conviction. (Doc. 5-1 at 2-3). Defendant Moore is not mentioned in these allegations, but plaintiff implies that his conditions claims are a consequence of the criminal proceedings commenced by Defendant Moore. However, defendant Moore had no input where plaintiff would be incarcerated or with whom he would be housed, nor was he involved in attacking plaintiff while he was at Fountain or in exposing plaintiff to tuberculosis. These allegations lack a causal connection to defendant Moore. Due to plaintiff's failure to allege a causal connection between defendant Moore and a deprivation of his constitutional rights, plaintiff has failed to state a claim upon which relief can be granted. See Zatler, 802 F.2d at 401 (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).

With respect to the injuries that plaintiff has suffered during his incarceration, the law recognizes intervening factors that break the chain of causation.

> In the context of a false arrest by a law enforcement officer, we have held that intervening acts by "the prosecutor, grand jury, judge and jury" can break the chain of causation. Barts v. Joyner,

---

1053-54, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'").
   Furthermore, another alternate basis appears to exist to dismiss the sentencing-related claims against defendant Moore, but due to the paucity of facts, it was not discussed. That is, the law provides that a witness who testifies under oath is entitled to absolute witness immunity from damages. Briscoe v. LaHue, 460 U.S. 325, 326, 340, 103 S.Ct. 1108, 1111, 1121, 75 L.Ed.2d 96 (1983) (finding that the police officer was entitled to absolute immunity from damages for his alleged perjured testimony at trial).

> 865 F.2d 1187, 1195 (11th Cir.1989). That rule stems from the
> common-sense rationale that "[o]nce someone is arrested and ...
> substantial evidence of the suspect's guilt comes to light, the police
> can do little or nothing to stop further proceedings." Id. at 1196. It
> thus makes little sense to hold an officer responsible for the later
> decision to prosecute. Id. That choice is made by others and based
> on evidence that exists apart from the officer.

Howard v. Gee, 538 F. App'x 884, 889 (11th Cir. 2013).

In the present action, the intervening causes are many. The prosecutor's decision to present evidence to a grand jury, the prosecutor's decision to prosecute, plaintiff's decision to plead guilty, and the judge's decision to accept the guilty plea and to impose the type of sentence. And the damages, if liability were established, are circumscribed by the nature of the specific claim. E.g., Wallace, 549 U.S. at 390, 127 S.Ct. at 1096 (limiting damages on plaintiff's false arrest claim to the period of time from arrest until he became detained pursuant to legal process, and not to the later date when the State dismissed the charges). Inasmuch as the conviction-related claims against defendant Moore are found to be without merit, the Court will not further address the condition-of-confinement allegations.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

<b><u>NOTICE OF RIGHT TO FILE OBJECTIONS</u></b>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with

the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this  19th day of August, 2014.

                                                    /s/ Katherine P. Nelson
                                                  UNITED STATES MAGISTRATE JUDGE